IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-cv-80792-KAM

JOHN PINSON,

      Plaintiff,

vs.

UNITED RECOVERY SYSTEMS, LP

      Defendant.

_____/



## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny defendant's motion for summary judgment and states:

### Introduction

1

Plaintiff is John Pinson, hereinafter "Pinson"; defendant is United Recovery Systems, LP, hereinafter "URS".

2

On June 8, 2012, plaintiff sued defendant for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*. [DE-1].

3

On July 26, 2012, defendant caused action to be removed to Federal court [DE-1], and on August 23, 2012, defendant filed its answer and affirmative defenses [DE-10].

4

On February 13, 2013, defendant filed a motion for summary judgment [DE-18].

5

Summary judgment in favor of defendant is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for defendant's violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.:  Defendant obtained plaintiff's credit report without permissible purpose.

## Statement of Facts

6

In order to comport with Local Rule 56.1(a), plaintiff lists as follows:

**a. Statements of material facts submitted in opposition to motion for summary judgment.**

1.) Defendant does not argue that complaint was filed against them on June 8, 2012.

2.) There is no verified evidence in any form that has been entered into the court record showing Pinson had any legitimate "account" or "debt" with any entity.

3.) URS does not argue that they obtained the credit report of Pinson on April 27, 2009; there is no verified evidence in any form that has been entered into the court record showing URS was "retained", **"referred"** or "assigned" to collect a debt from Pinson.

4.) There is no verified evidence in any form that has been entered into the court record showing URS did not obtain Pinson's social security number by fraud or misrepresentation.

5.) URS does not dispute that: Pinson's contention that professional judgment was not exercised on the part of URS before collection efforts commenced; URS made no inquiry with Pinson and has shown no effort or due diligence having been exercised in order to have a "reasonable belief" the alleged "creditor's" representation was valid and debt was owed by Pinson.

6.) There are no documents purporting to evidence alleged "account" or "debt" to URS or any documentation showing the actual existence of any alleged "account" from Citibank, or any other entity alleged to be in the chain of ownership.

7.) Other than simple generic, unsupported statements in the declaration[1] made by URS's employee Janet DeYoung, there is no supporting evidence in any form demonstrating any "account" of John Pinson existing, as stated in her declaration, that would allow any permissible purpose for URS to obtain the credit report of Pinson under FCRA.

8.) There is **no verified evidence** in any form that has been entered into the Court record showing the account numbers, amounts alleged to be due, date of origination of the alleged "account", current status, or dates and terms of **referral** or transfer of ownership of the alleged "account".

---

[1] See, Doc 18-1 Declaration of Janet DeYoung

**b. Additional facts defendant contends are material:**

1.) There is no verified evidence in any form that has been entered into the court record showing the account numbers, amounts alleged to be due, date of origination of the alleged "accounts", current status, or dates and terms of **referral** or transfer of ownership of the alleged "accounts".

2.) In URS's motion for summary judgment, brief and attached declaration, they state in their argument in support of their alleged "permissible purpose":

    a. "My legal name is Janet DeYoung"[2]

    b. "I have been an employee of United Recovery Systems, LP ("URS") since 2010"[3] , "based on my own personal knowledge"[4]and "On April 25, 2009, Citibank, N.A. referred Plaintiff's account to URS"[5].

    c. "Account notes are generated in the regular course of URS business"[6]

    d. "it is the regular course of URS business to make such records within a reasonable time of the transaction"[7]

    e. "URS's primary business is the collection of debts"[8]

    f. "On April 25, 2009, 2009, Citibank N.A. referred Plaintiff's account to URS for collection"[9].

    g. "Plaintiff's account referenced above was an unpaid credit card account"[10]

    h. "On or about April 27, 2009, URS pulled Plaintiff's credit report for the purposes of collecting on Plaintiff's account which wasa referred to URS for collection by the original creditor Citibank, N.A."[11].

    i. "Plaintiff's credit report was obtained by URS subsequent to receiving Plaintiff's account for collection from Citibank, N.A."[12]

---

[2] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 1
[3] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 2
[4] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 4
[5] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 5
[6] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 4
[7] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 4
[8] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 3
[9] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 5
[10] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 6
[11] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 7
[12] See, Doc 18-1 Declaration of Janet DeYoung at ¶ 7

j.  "the account at issue constitute a "credit transaction involving the consumer" under the FCRA."[13]

k.  "because Defendant's procurement of Plaintiff's credit report on April 27, 2009 was for the purpose of collecting on a credit card account belonging to the Plaintiff, Defendant's actions were within the confines of the FCRA."[14]

3.)  URS has failed to establish evidence on the record before the court to show or prove they were in fact "retained", **"referred"** or "assigned" to collect an "alleged debt" or "alleged account" as claimed by Janet DeYoung in her declaration[15] dated January 24, 2013. Mere conclusory statements do not constitute fact evidence See Leigh v Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000)[16] and Ellis v England, 432 F.3d 1321, 1325-26 (11th Cir. 2005)[17]. See also Bald Mountain Park Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989)[18].

4.)  URS has failed to establish verified fact evidence before the Court or to Pinson to show or prove Citibank **"referred"** any **"account"** to URS; Pinson conducted discovery and URS failed to produce one scintilla of verified evidence in the form of an account from Citibank.

5.)  There is no verified evidence in any form that has been entered into the court record showing URS did not obtain Pinson's **"Social Security number"** by fraud or misrepresentation.

6.)  URS has failed to establish verified fact evidence before the Court or to Pinson to show or prove there was ever any **"credit transaction"** involving Pinson for which they could claim a permissible purpose to obtain his credit report.

7.)  According to the web site of Lemberg  & Associates in Connecticut[19] specializing in consumer law matters:

---

[13] See, Doc 18, Page 5 ¶ 1

[14] See, Doc 18, Page 6 ¶ 1

[15] *See*, Doc 18-1 Declaration of Janet DeYoung at ¶ 5 & 7

[16] "This court has consistently held that conclusory allegations without supporting facts have no probative value."

[17] "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"

[18] "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat a summary judgment."

[19] http://stopcollector.com/agency/United-Recovery-Systems.php

a. "United Recovery Systems complaints are many and varied. A quick look at the Better Business Bureau website is telling. As of June 2012, the BBB gives United Recovery Systems an "F" rating, in part because it has logged 197 closed United Recovery Systems complaints within the past three years, and 50 closed United Recovery Systems complaints within the past 12 months."

b. "United Recovery System also has its share of cases filed against it in federal court. As of June 2012, United Recovery Systems LP had over a dozen lawsuits filed against it for alleged violations of the Fair Debt Collection Practices Act."

c. "United Recovery Systems Address United Recovery Systems 5800 North Course Drive Houston TX 77072 United Recovery Systems Phone Number: 800-568-0399"

8.) There is **no verified evidence** in any form that has been entered into the court record showing URS was "retained", "**referred**" or "assigned" to collect from plaintiff.

9.) At no time in the declaration of Janet DeYoung did she state the dates of her employment with Citibank to be able to testify to first-hand information regarding origination, books and records, or retainer to collect, or referral or transfer of ownership of the alleged accounts.

10.) At no time in the affidavit of Janet DeYoung did she state she was, or ever had been, the custodian of records for or at Citibank.

11.) After receiving the first declaration of Janet DeYoung dated September 13, 2012 which was attached to a served but never filed Rule 11 Motion for Sanctions, the compliance manager of URS, wherein she alleged an account of Pinson, on September 18, 2012 plaintiff did send URS, through opposing counsel, a dispute and debt validation request letter (*See* Exhibit "A") via certified US mail #7011 3500 0002 1529 6640 return receipt requested (*See* Exhibit "B").

12.) Neither counsel for URS nor URS did respond to the dispute and request for debt validation letter:

a. URS failed to Validate the alleged debt per 15 U.S.C. 1692g

13.) The declaration of Janet DeYoung contain nothing more than hearsay claims, masquerading as evidence, that URS was "retained", "**referred**" or "assigned" to collect an "alleged debt" and that an "**account**" had been "**received**. Mere alleged, conclusory

and hearsay statements are not enough to establish a **"reason to believe"** as a matter of law. *See* Miller v Wolpoff & Abramson[20].

## Standard of Review

7

Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

8

A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of its claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant meets its burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

9

In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002). The FCRA, like the other portions of the Consumer Credit Protection Act of 1968, is to be liberally construed. Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995) (Cal.). It's

---

[20] Miller v Abramson, LLP, 2d Cir., No. 02-7017, Feb. 25,2003 Defendants in the case indicate they reviewed no more than *"very limited information"* before collection action such as; *"Mr. Miller's full name, social security number, current address, telephone number and the Lord & Taylor account number, the amount of the debt and a notation that Mr. Miller was an attorney".* The Court held that the *"information reviewed would not enable a determination of whether Mr. Miller was in bankruptcy, whether information in the record was inconsistent or incomplete, whether Miller was or was not obligated to pay the debt, or whether Miller was the correct debtor."......* *"the information supplied was too insufficient to support the conclusion as a "matter of law"....* Judge Sotomayor stated; "On this undeveloped record, however, it suffices for us to hold that *merely being told by a client that a debt is overdue is not enough."*

provisions are to be construed in favor of recovery by the consumer and against the credit reporting agency or user of credit information.

## **Argument**

### 10

Plaintiff must prove the following essential elements to sustain a claim for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*. against defendant:  Defendant obtained plaintiff's credit report without permissible purpose.  Because there is a material fact issue on the element of: Defendant obtained plaintiff's credit report without permissible purpose, defendant is not entitled to summary judgment in this case.

### 12

For the defendant to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had a permissible purpose to obtain plaintiff's credit report.

### 13

The defendant must therefore prove through evidence before the court rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

### 14

The only evidence offered by the defendant is the declaration of Janet DeYoung, an employee of URS, which states nothing more than she is familiar with the alleged account, some basic alleged details, it's alleged chain of ownership, alleged retainer for collection, and the lawsuit filed by the plaintiff.

### 15

The affidavit states there is an account URS was "referred to collect" that allegedly originated with Citibank but there is no documentation on the record whatsoever to show that had occurred.

### 16

There is not one document in the record submitted by the defendant as verified evidence to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any identifying information regarding the alleged account.

### 17

The declaration does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged account where there is no verified evidence of said alleged facts or events before the court.

18

The statements in the declaration are nothing more than hearsay masquerading as evidence, and are not supported by any verified documentation whatsoever and should not be considered by the court.

19

The statements in the defendant's motion attempting to use the declaration with no other verified evidence to support it as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. See *Celotex Corp*. 477 U.S. at 327, 106 S.Ct. at 2555.

20

URS claims that being a debt collection agency, it "has permissible purpose" to obtain a copy of the credit report as a matter of law by reason of 15 U.S.C. § 1681b(3)(A):

    a.    any consumer reporting agency may furnish a consumer report under the following circumstances and no other:  To a person which it has reason to believe...intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review **or collection of an account of**, the consumer;...(emphasis added).

21

15 U.S.C. § 1681b(a)(3)(A) refers to the consumer reporting agency and its reason to believe the person making the request for the consumer report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A) does not refer to a person claiming to have a permissible purpose when in truth it is not authorized to collect an alleged account on behalf of the actual creditor. It does not refer to a third party with whom there has never been any extension of credit, contractual obligation and or agreement with the consumer. It does not refer to any third party which has provided any factual claim to having been "retained" by the actual creditor who may or may not have been involved with a "credit transaction" with the consumer.

22

In the Ninth Circuit's decision in *Pintos v Pacific Creditors Association*, No. 04-17485 (April 30, 2009), the Court held that debt collection does not necessarily constitute a permissible purpose under the FCRA to obtain a consumer's credit report from one of the major credit bureaus.

23

Further, the law is very clear in that "(I)n the absence of statutory definition, a statutory term will be accorded its ordinary meaning." *Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142 (9th Cir. 1998); *Northwest Forest Resource v. Glickman*, 82 F.3d 825, 833 (9th Cir. 1996). One must look to the clear language and plain words as a presumption exists that the Congress intended the plain language to apply in light of the purpose of the statute. *Louisiana Credit Union League v. U.S.*, 693 F.2d 525 (5th Cir. 1982) (La.); *Perrin v. U.S.*, 100 S. Ct. 311, 444 U.S. 37 (1979); *Clardy v. U.S.*, 760 F.2d 590 (5th Cir. 1985); *State of Louisiana, ex rel Guste v. U.S.*, 656 F. Supp. 1310 (U.S.D.C. W.D. La. 1986), affirmed, 832 F.2d 935 (5th Cir.).

24

In cases that involve a party attempting to recover on an account owed to some other party, "proof of an assignment of the account is essential to a recovery." *Walker,* 208 S.W.3d at 298. The party must show clearly through a valid assignment it is the rightful owner of the account at issue. In other words, every link in the chain between the party to which the debt was originally owed and the party trying to collect the alleged debt must be proven by competent evidence in order to demonstrate standing. *Walker*, 208 S. W.3d at 298.

25

URS has failed to show it's claimed "retention", **"referal"** or any other justification for the invasion of Pinson's privacy, and thus failing to show the claimed "retention" or "referral" the defendant cannot show a "credit transaction", not does the declaration of Janet DeYoung mention a "credit transaction with URS" ever existed which is the basis of it's defense.

26

According the GAO report of 2009 large credit issuers typically use internal collection department operations until the account is more than 180 days delinquent at which time it is charged off when they may choose to place the account with "a" third-party collection agency

and when that collection effort fails the account is sold, usually in a portfolio of many other accounts.

27

URS has submitted the declaration of Janet DeYoung as proof of their having permissible purpose in which they claim to have been "referred" by Citibank  to collect an alleged credit card debt[21]. It appears at this time the statement is blatantly false and URS had full knowledge that it was false. The Supreme Court has described "false statements made with [a] high degree of awareness of their probable falsity" to be "actual malice", _Garrison v State of Louisiana_, 379 U.S. 64, 74, 85 S. Ct. 209, 216, 13 L. Ed.2d 125 (1964). In _Gertz v. Robert Welch, Inc_., 418 U.S. 323,335 n.6, 94 S. Ct. 2997, 3004 n.6, 41 L.Ed.2d 789 (1974), the Supreme Court reiterated that "subjective awareness of probable falsity" constitutes "actual malice".  Such a false statement constitutes a further violation of the FCRA, 15 U.S.C. § 1681h(e) which prohibits false information furnished with malice or willful intent to injure the consumer.

28

If a consumer proves malice or willful intent to injure then injury to consumer is presumed and damages are presumed. _Rasor v. Retail Credit Co._, 87 Wash. 2d 516, 554 P.2d 1041.

29

URS was fully aware that instituting a "pull" of Pinson's consumer credit report would impact his credit score and could by extension impact his ability to conduct credit transactions and other business activities. By making the decision to willfully damage Pinson by furnishing unsubstantiated information to the Credit Reporting Agency as justification for the "pull", URS has violated the FCRA 15 U.S.C. § 1681h(e). In addition any person who knowingly obtains a credit report under false pretenses shall be fined $2,000.00, imprisoned  (up to 2 years) or both under 15 U.S.C § 1681q.  (Referring to Title 18 U.S.C. 1030 section 4, _Zamora v Valley Federal Savings & Loan Association of Grand Junction_ 811 F.2nd 1368, 55 USLW 2469, No. 86-1316 Feb. 17, 1987)[22] Accordingly, if a user requests information for a purpose not permitted by Sec. 1681b while representing to the reporting agency that the report will be used for a

---

[21] _See_ Doc 18-1 ¶ 5 & 7

[22] 15 U.S.C. § 1681q imposes criminal liability upon any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses. 15 U.S.C. § 1681n provides a private cause of action against any person who willfully fails to comply with any "requirement" of the FCRA. Violation of Sec. 1681q provides a basis for civil suit pursuant to Sec. 1681n. _Hansen v. Morgan_, 582 F.2d at 1219; _Kennedy v. Border City Savings & Loan Ass'n_, 747 F.2d 693, 697 (10th Cir. 1980).

permissible purpose, the user may be subject to civil liability for obtaining information under false pretenses.

30

What does "willful" really mean?  "Willful" means "not accidental," or "on purpose", hence, knowingly, intentionally, and carelessly done in violation of law, and in disregard of the safety of the public." *Coleman v. White*, 95 S.W.2d 1018, 1019 (Ct. Civ. App. Beaumont 1936); *Bowers v. Bingham*, 159 S.W.2d 576, 577 (Ct. Civ. App. Amarillo 1942); 68 C.J.S. sec.3, p.268.  "Willful" also means "not accidental." *Southern Fleet Leasing Corp. v. Brown*, 257 So.2d 819 (La. App. 1 Cir. 1972).  In addition "Willful" means "proceeding from a conscious motion of the will; voluntary; knowingly; deliberate; intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary." *Grant v. Natchitoches Manor Nursing Home,* 696 So.2d 73, 76 (La. App. 3 Cir. 1997), W.D., 701 So.2d 1330 (La. 1997); *Parfait v. Gulf Island Fabrication, Inc*., 733 So.2d 11 (La. App. 1 Cir. 1999); *Friendly Finance Service, Mid City, Inc. v. Sanders*, 251 So.2d 644 (La. App. 2 Cir. 1971); Black's Law Dictionary (6th ed. 1990), p. 1599.

31

Other courts have found that "willful" means a thing done without ground for believing it is lawful, or conduct marked by careless disregard whether or not one has the right so to act. *Johnson v. Aymond*, 722 So.2d 1224, 1234 (La. App. 3 Cir. 1998); *U.S. v. Murdock*, 290 U.S. 389, 54 S. Ct. 223, 78 L. Ed. 2d 381 (1933).  "Willful" connotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental or pure happenstance.

32

Plaintiff must merely show direct or circumstantial evidence of willful misconduct or actions. Plaintiff need not produce a "smoking gun" or any other form of definitive proof of the defendant's intent or conscience. *Whitesides, supra; Cushman v. Trans Union Corp.*, 920 F. Supp. 80, 84 (U.S.D.C. E.D Pa. 1996).

33

Punitive damages may be awarded for willful violation of any provision of the FCRA and malice, intent, scienter, or evil motive need not be proven. *Thornton v. Equifax, Inc.*, 619 F.2d 700 (8th Cir. 1980); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986)(La.); *Boothe v. TRW Credit Data*, 768 F. Supp. 434 (U.S.D.C. S.D. N.Y.

1991); _Swoager v. Credit Bureau of Greater St. Petersburg_, 608 F. Supp. 972 (U.S.D.C. M.D. Fla. 1985); _Jones v. Credit Bureau of Huntington, Inc._, 399 S.E.2d 694 (W.Va. 1990); _Nitti v. Credit Bureau of Rochester, Inc._, 84 Misc.2d 277, 375 N.Y.S.2d 817; _Trans Union Corporation v. Crisp_, 896 S.W.2d 446 (Ark. App. 1995). A reckless indifference to plaintiff's rights under the Fair Credit Reporting Act ("FCRA") will justify an award of punitive damages. _Collins v. Retail Credit Co._, 410 F. Supp. 925 (U.S.D.C. E.D. Mich. 1987).

## Objections

### 34

The evidence submitted in support of defendant's motion should not be considered by the court because it is neither properly authenticated nor admissible. The court should strike the following summary judgment proof:

a. Declaration. Defendant relies on a defective declaration.

- The affidavit refers to facts not in evidence before the court.

## Summary Judgment Evidence

### 35

In support of his response, Plaintiff includes the following evidence in the attached appendix:

a. Affidavits. The affidavit of John Pinson establishes the fact that there is no evidence before the court that there is an account of John Pinson in existence or that United Recovery Systems, LP. is the owner of the account, or was "referred" an account from Citibank and would have permissible purpose to obtain plaintiff's credit report, and John Pinson never gave United Recovery Systems, LP. permission to obtain his credit report, John Pinson has disputed and requested validation of the alleged account and United Recovery Systems has failed to validate the alleged account.

b. Documentary evidence. The exhibits, which are verified as authentic, establish the following facts: Plaintiff did send dispute and debt validation letters via US mail certified return receipt with proof they were received by opposing counsel for defendant; defendant's counsel and defendant have failed to validate alleged debt which is the basis of defendant's defense of permissible purpose.

## Conclusion

36

URS has not met its burden to show that there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch v. Props*., 140 F.3d at 625. The defendant has proffered nothing more than a generic declaration from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of being retained to collect, referred or owning or owning an interest in any "account" which would give them permissible purpose to obtain Pinson's credit report.

37

URS has failed to establish evidence before the court or to Plaintiff to show or prove there was ever any contract by which they were "referred" by Citibank specifically to collect any alleged debt belonging to Pinson. From this evidence alone, notwithstanding any further evidence which could be brought out during the discovery process, a jury could reasonably find that URS knowingly and willfully obtained the consumer report under false pretenses which certainly provides for a material fact matter at issue still before the Court.

38

According to Blacks Law 4th Edition there is a substantial difference between being "retained" and "purchasing" a consumers information. Note the term "Referred" was not found.

a. REFER. When a case or action involves matters of account or other intricate details which require minute examination, and for that reason are not fit to be brought before a jury, it is usual to refer the whole case, or some part of it, to the decision of an auditor or referee, and the case is then said to be referred.

b. RETAIN: To continue to hold, have, use, recognize, etc. and to keep. (Kimbal Trust & Savings Bank v Hartford Accident & Indemnity Co., 333 Ill. 318, 164 N.E. 661, 662.) In practice. To engage the services of an attorney or counselor to manage a cause.

c. HIRING: A contract by which one person grants to another either the enjoyment of a thing or the use of the labor and industry, either of himself or his servant, during a certain time, for a stipulated compensation, or by which one contracts for the labor or services of another about a thing bailed to him for a specified purpose.

d.  HIRER: One who hires a thing, or the labor or services of another person. Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 15 L.R.A. 262.

e.  ASSIGN: To make over or set over to another. North Tex. Nat. Bank v Thompson, Tex. Civ. App., 23 S.W.2d 494, 499. To appoint, allot, select, or designate for a particular purpose, or duty.

f.  PURCHASE:  Transmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration. Spur Independent School Dist. v W. A. Holt Co., Tex. Civ. App, 88 S. W.2d 1071, 1073.

39

Upon obtaining Pinson's credit report URS made no attempt at collection of the alleged account they claim gave them permissible purpose. There is no information contained in the credit report to justify the need for obtaining it that could not have been obtained with a simple telephone call or letter to Pinson yet neither was ever attempted. There was no dunning letter sent and no disclosure statement provided after invading Pinson's privacy by mining her credit report for information. URS now claims it was "referred" to collect in order to justify the violation yet made not apparent effort to perform its obligation under such a contract.  According to Janet DeYoung in her declaration Id., such invasions are "the regular course of URS business", Pinson contends that the course of its collection efforts does not equate to following the law even if the industry has been practicing it so long it thinks it's legal.

40

The damage done to a consumer's credit score by this "course of URS business" is just the sort of violation Congress intended to prevent and once done is difficult to correct for the consumer. The Court in Bryant v TRW, Inc., 689 F. 2d 72, 79 (6th Cir. 1982), cited a statement by Representative Sullivan, a sponsor of the FCRA, during debate on the House floor:

a.  "…(W)ith the trend toward computerization of billions of accounts and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blip" and key punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home." (emphasis by the Court).

41

Plaintiff's allegation of no permissible purpose is a negative averment and the burden of proof in this case rests with the Defendant to prove they did in fact have one. A conclusory statement and mere bare bones information that cannot stand as fact about an alleged account, personal information in regard to the Plaintiff and an assumption that the acquisition of electronic data constitutes an authentic fact is ludicrous. The fact that the Defendant may have been allowed to prevail in the past with such hearsay, un-validated and un-authenticated claims does not necessarily equate to following the law. This case is not based on any alleged debt but rather on the actions of the Defendant which led to their assumption of a permissible purpose to obtain Plaintiff's consumer credit report in 2009 and not whether or not they could create such a basis in 2013.

42

A debt collector is assumed to be a sophisticated business entity "*familiar*" with the law, whereas the least sophisticated consumer is anything but by definition.  For a debt collector to fail to fulfill its duty to authenticate information obtained in regard to consumers  would create a "loophole", an 'end-run' around that duty which would be inconsistent with the drafters' of consumer protection statutes intention of protecting debtors from "unfair, harassing, and deceptive collection tactics".  If all that would be required is to state "we had a permissible purpose because so and so said so and so and so gave us some information about a debt", without performing any attempt to validate, authenticate and establish factual evidence of the information, even the Plaintiff in this case could purport to have a permissible purpose to obtain another's credit report.  URS has shown no fact evidence that there was any attempt to authenticate before violating Pinson's privacy and obtaining his consumer credit report.


**WHEREFORE**, because the Defendant has failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendant's motion for summary judgment, strike the Defendant's declaration and allow Plaintiff's claim, to move forward to trial on the merits.

Respectfully Submitted,


_____
John Pinson
526 Westwood Road
West Palm Beach, FL
33401
Tel.: 561-329-2524
Email: john@pinson.com


## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.


Signed March 4, 2013


_____
John Pinson


Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

Counsel of Record for the Defendants
United Recovery Systems, LP

## AFFIDAVIT

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 9:12-cv-80792-KAM  John Pinson v. United Recovery Systems L.P.:

1. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that United Recovery Systems L.P. is the owner of any account of John Pinson.

2. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that United Recovery Systems L.P. acquired any account of John Pinson.

3. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that United Recovery Systems L.P. acquired any interest in any account of John Pinson.

4. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that United Recovery Systems L.P. was retained, "**referred**" or assigned to collect any account of John Pinson as stated in the Declaration of Janet DeYoung.

5. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that United Recovery Systems L.P. was retained, "**referred**" or assigned to collect any account of John Pinson for Citibank, N.A. as stated in the Declaration of Janet DeYoung.

6. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that there is any account of John Pinson that originated with

Citibank, N.A. where there is any balance due and owing that could be collected by United Recovery Systems L.P.

7. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that there is any account of John Pinson where there is any balance due and owing that could be collected by United Recovery Systems L.P.

8. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that there is any permissible purpose for the defendant and/or their counsel in Case No. 9:12-cv-80792-KAM in the United States District Court for the Southern District of Florida, West Palm Beach Division to obtain the credit report of John Pinson.

9. That Affiant/Plaintiff at no time gave permission to United Recovery Systems L.P. or its council to obtain his credit report.

10. That Affiant/Plaintiff is not in receipt of anything, and the record fails to establish any evidence to show or prove that United Recovery Systems L.P. ever had permissible purpose to obtain plaintiff's credit report.

11. United Recovery Systems L.P. did obtain plaintiff's credit report on April 27, 2009 from Experian.

12. That Affiant/Plaintiff disputes that any alleged account is due and owing United Recovery Systems L.P. / Citibank and has requested validation per 15 U.S.C. 1692 on the declaration of Janet DeYoung.

13. The Affiant/Plaintiff conducted discovery in this matter.

14. The Affiant/Plaintiff has never received validation of alleged debt from Monarch per 15 U.S.C. 1692g.

## **NOTARY'S VERIFICATION**

STATE OF FLORIDA

COUNTY OF PALM BEACH

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in West Palm Beach, Florida

March 4, 2013

_____
John Pinson

Name of Notary:_____

Signature of Notary:_____

KAREN A. GUZZO
Notary Public - State of Florida
My Comm. Expires Sep 16, 2016
Commission # EE 829638
Bonded Through National Notary Assn.

seal

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401



**_Via U.S. Certified Mail # 7011 3500 0002 1529 6640 Return Receipt Requested_**

September 18, 2012

United Recovery Systems L.P.
c/o Golden & Scaz, PLLC
201 North Armenia
Tampa, Florida 33609

Re:     **Pinson v. United Recovery Service**
        **Your Rule 11 Motion and Declaration of Janet DeYoung URS Compliance Manager**
        **account no. (none, there is no account)**

Greetings:

        Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

        This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

        Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation": that is, competent evidence that I have some contractual obligation to pay you.

        You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

        Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney's fees.

                        Best regards,

                        John Pinson

JP:dt
Enc.    CREDITOR DISCLOSURE STATEMENT (Disclosure Request Form)





USPS.com® - Track & Confirm

English          Customer Service          USPS Mobile                                    Register / Sign in



Search USPS.com or Track Packages

Quick Tools                    Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm



**You entered: 70113500000215296640**

**Status: Delivered**
**Your item was delivered at 10:20 am on September 21, 2012 in TAMPA, FL 33609.**
**Additional information for this item is stored in files offline.**

**You may request that the additional information be retrieved from the archives, and**
**that we send you an e-mail when this retrieval is complete. Requests to retrieve**
**additional information are generally processed momentarily.**

I would like to receive notification on this request

Restore

## Find Another Item

What's your label (or receipt) number?

Find

**LEGAL**                    **ON USPS.COM**              **ON ABOUT.USPS.COM**        **OTHER USPS SITES**
Privacy Policy ›             Government Services ›        About USPS Home ›            Business Customer Gateway ›
Terms of Use ›               Buy Stamps & Shop ›          Newsroom ›                   Postal Inspectors ›
FOIA ›                       Print a Label with Postage › Mail Service Updates ›       Inspector General ›
No FEAR Act EEO Data ›       Customer Service ›           Forms & Publications ›       Postal Explorer ›
                             Site Index ›                 Careers ›

Copyright© 2013 USPS. All Rights Reserved.

