UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80792-Civ-MARRA/MATTHEWMAN

JOHN PINSON,

    Plaintiff,
vs.

UNITED RECOVERY SYSTEMS, LP,

    Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment (DE 18). The Court has carefully considered the motion, response, reply, supplemental authority, and is otherwise fully advised in the premises.

### Background

In the Complaint, *pro se* Plaintiff alleges that Defendant willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer credit report on April 27, 2009, without a permissible purpose. DE 1.

Defendant filed the instant Motion for Summary Judgment asserting that it is entitled to judgment as a matter of law because it did have a permissible purpose under the FCRA to pull Plaintiff's credit on April 27, 2009, as referenced in Plaintiff's Complaint. Defendant attaches to its motion the Declaration of Janet DeYoung, Defendant's Compliance Manager. DE 18-1. Ms. DeYoung states that Defendant's primary business purpose is the collection of debts, and on April 25, 2009, Citibank,

N.A. referred Plaintiff's account, an unpaid credit card, to Defendant for collection. *Id*.  Ms. DeYoung declares under penalty of perjury that Defendant "pulled Plaintiff's credit report for the purposes of collecting on the Plaintiff's account which was referred to [Defendant] for collection by the original creditor, Citibank, N.A."  DE 18 at ¶ 7.

### Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

### Discussion

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., governs the use and dissemination of consumer credit information.  Under FCRA, a consumer reporting agency may furnish a consumer report under specified permissible purposes.  See 15 U.S.C. § 1681b.  For example, a report may be provided "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review **or collection of an account of**, the consumer." Id. at § 1681b(a)(3)(A) (emphasis provided).  In other words, this provision of FCRA permits a debt collector to request a credit report if it uses the report to review or collect on an account.  See Pinson v. Monarch Recovery Management, Inc., 2013 WL 961308, *2 (S.D. Fla. Mar. 12, 2013); Solis v. Client Services, Inc.,  2013 WL 1165838, *5 (S.D. Fla. Mar. 21, 2013) (permissible use of

credit information under the FCRA requires only a credit transaction involving the customer— e.g., a validly assigned credit card debt — and use of that information in reviewing or collecting the account). Indeed, § 1681b(a)(3)(A) specifically authorizes the use of consumer information under such circumstances. *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3rd Cir. 2011) (holding that debt collector that sought credit report on debtor while attempting to collect on debtor's delinquent credit card did not violate the FCRA).

Here, Defendant has submitted an affidavit from its Complaint Manager stating that Defendant's primary business purpose is the collection of debts; that Citibank referred Plaintiff's delinquent credit card account to Defendant for collection; and that Defendant pulled Plaintiff's credit report for the purposes of collecting on the account. DeYoung Aff. ¶¶ 3-6. Plaintiff has not provided any evidence to refute these facts. Based on this undisputed evidence, the Court finds, as a matter of law, that Defendant did not violate the FCRA. Furthermore, because the evidence shows that Defendant reasonably believed that the account was due and owing when it accessed the credit report, there is no basis to find that Defendant acted willfully. See Harris v. Mexican Speciality Foods, Inc., 564 F.3d 1301, 1310 (11th Cir. 2009) (a FCRA violation is "'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law").

In his opposition to the instant motion, Plaintiff asserts that Defendant has failed to meet the required burden of showing the absence of any genuine issue of

material fact; that the arguments advanced by Defendant are unsupported by admissible evidence, and that summary judgment is improper because Defendant failed to provide validation per 15 U.S.C. § 1692g.  In support, Plaintiff asserts that Ms. DeYoung's Declaration is rife with hearsay and is unsupported by verified evidence.  It appears Plaintiff is under the impression that it is necessary for Defendant to produce the documents that led Defendant to believe it was collecting a debt.  That is not necessary.  All Defendant must show is that it is uncontroverted that it was under this belief when it accessed the credit report.  Indeed, that is the purpose of the affidavit.  In fact, it is Plaintiff who has made conclusory statements, namely, that Defendant did not have a reasonable basis to access Plaintiff's credit report.  Plaintiff has not produced any record evidence, such as deposition testimony from Defendant's representative or exhibits, to challenge Defendant's evidence.  Instead, Plaintiff has provided his own affidavit, which is conclusory and which states that he is not in receipt of anything to show that Defendant acquired any interest in any of his accounts, or that Defendant was "retained, referred or assigned to collect" his account.  DE 21 at 17 of 21.  This is inadequate to defeat the instant motion.  See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without supporting facts have no probative value") (quoting Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (internal quotation marks omitted).

Moreover, to establish a FCRA claim of willful misuse or acquisition of a consumer report, Plaintiff must prove each of the following: (I) that there was a consumer report, (ii) that Defendant used or obtained it, (iii) that Defendant did so without a permissible statutory purpose, and (iv) that Defendant acted with the specified culpable mental state.  Pinson v. Monarch Recovery Mgmt., Inc., 2013 WL 961308, *3 (S.D. Fla. Mar. 12, 2013).  There is no dispute between the parties that there was a consumer report and that Defendant obtained it.  As a responding party, however, Plaintiff has not met his burden to set forth specific facts to raise a genuine issue for trial.  He has not cited to any particular document or record that might suggest that Defendant obtained the credit report without a permissible purpose or that Defendant acted willfully.  Fed. R. Civ. P. 56(c)(1)(A) and (B).  Plaintiff's opposition merely attempts to discredit the facts asserted by Defendant, without actually refuting or denying the declaration and without his offering any relevant facts of his own.

Instead, Plaintiff argues that Ms. DeYoung's declaration is "nothing more than hearsay claims masquerading as evidence," because Ms. DeYoung does not claim to be the records custodian for Citibank, and because there is no *verified* evidence in the record establishing that Plaintiff had an account or debt with any entity, or to show that Defendant was assigned or referred to collect on this alleged account.  As discussed above, the Declaration of Janet DeYoung filed in support of Defendant's Motion for Summary Judgment is itself verified evidence in the record probative of

the fact that Citibank referred Plaintiff's account to Defendant for collection. Because Plaintiff has offered no factual evidence capable of substantiating his cause of action in light of Defendant's testimony, it is readily discernable that Plaintiff will not be able to carry his burden at trial, and thus summary judgment is proper.  For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE 18) is GRANTED.  The Court shall separately enter judgment for Defendant.  The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge