UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80792-Civ-MARRA/MATTHEWMAN

JOHN PINSON,

    Plaintiff,

vs.

UNITED RECOVERY SYSTEMS, LP,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

THIS CAUSE is before the Court upon Defendant's Motion for Sanctions Pursuant to Rule 11. DE 32. The Court has carefully considered the motion and is otherwise fully advised in the premises. *Pro se* Plaintiff, John Pinson, has not responded and the time for doing so has expired.

In his Complaint, Pinson alleged that Defendant willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer credit report without a permissible purpose. DE 1. Defendant moved for summary judgment and the motion was granted. DE 30. In granting the motion, the Court held that Plaintiff, in response to the motion for summary judgment, had not met his burden of showing that a genuine issue of material fact existed as to whether Defendant obtained the credit report without a permissible purpose or that Defendant acted willfully. Now Defendant seeks his attorney's fees and costs associated with defending this action pursuant to Rule 11 of the Federal Rules of Civil

Procedure ("Rule 11").

Rule 11 requires parties to conduct a reasonable investigation into the facts that they believe will support their claims, and into the laws that they believe will provide them with a legal basis for seeking relief from the court. Parties who file law suits on a *pro se* basis must comply with the provisions of Rule 11, the same as if they were lawyers. Fed.R.Civ.P. 11; *Business Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 544–45 (1991) (explaining that Rule 11 applies both to parties who are represented by counsel and to *pro se* parties as well).

The determination of whether a reasonable inquiry into the facts has been made in a case will, of course, be dependent upon the particular facts and a district court may consider, among other things, the *pro se* status of a litigant. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988). Allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Didie v. Howes*, 988 F.2d 1097, 1105 (11th Cir. 1993).

Although the Court granted summary judgment in favor of Defendant, that fact, in and of itself, does not mean that it is appropriate to levy sanctions against Plaintiff. In support of its motion, Defendant merely relies on the fact that it had a legal basis for taking the action it did, the same fact that entitled it to a judgment on the merits of Plaintiff's claim. Defendant, however, has not supported its motion with any evidence from which the Court can reasonably infer that Plaintiff did not

have a belief formed after a reasonably inquiry that his Complaint was well grounded in fact.  *See, e.g., Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("[t]he grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions"); *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida,* 827 F.2d 1454, 1458 (11th Cir.1987) ("Rule 11 is intended to deter frivolous suits").

In view of the foregoing, Defendant's Motion for Sanctions Pursuant to Rule 11 (DE 32) is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of September, 2013.

_____
KENNETH A. MARRA
United States District Judge