IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-cv-80792-KAM

JOHN PINSON,

    Plaintiff,

vs.

UNITED RECOVERY SYSTEMS, LP

    Defendant.
_____/



FILED by _____ D.C.

SEP 16 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CORRECTED MOTION FOR RELIEF FROM JUDGMENT

Comes now the plaintiff pro se, John Pinson, who files this Motion for Relief from Judgment under F.R.C.P. Rule 60(b), and as grounds therefor would state as follows:

1. On July 15, 2013, the court entered an Opinion and Order Granting Motion for Summary Judgment [DE 30] and Final Judgment [DE 31].

2. On August 14, 2013, Defendant filed its Motion for Bill of Costs [DE 33] wherein the Certificate of Service states: "A copy of this bill has been served by electronic service by e-mail to all parties."

3. On August 28, 2013, the Court entered an Order [DE 34] and Judgment [DE 35] on Bill of Costs.

4. Pro se plaintiff does not participate in CM/ECF and does not receive electronic service.

5. At no time has pro se Plaintiff waved service by Mail as provided by FRCP Rule 5.

6. Plaintiff did not receive Defendant's Motion, did not receive notice, and thus was denied the opportunity to object, and denied due process.

7. If Plaintiff was served with the Motion, Plaintiff would have filed his objection.

8. "'No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party." Old Wayne Mut. Life Ass'n v. McDonough, 204

U.S. 8, 15 (1907). Generally, a judgment is void under Rule 60 (b) (4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if acted in a manner inconsistent with due process of law. E.g., Burke v. Smith, 252 F.3d 1260 (11th Cir. 2001).

9. "A void judgment is from its inception a legal nullity." Boch Oldsmobile, at 909 F.2d 657, 661 (1st Cir. 1990). Lops v. Lops, 140 F.3d 927, 941 n. 19(11th Cir. 1998) ("something that is null has no legal or binding force.").

10. "A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." Windsor v. McVeigh, 93 U.S. 274;23 L.Ed. 914 (1876).

**Wherefore,** Plaintiff for these reasons, and in the interest of justice and fairness, respectfully Moves this Honorable Court to enter an order Granting Plaintiff Relief from Judgment on Bill of Costs under F.R.C.P. Rule 60(b) and to Vacate the Judgment.

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, FL
33401
Tel.: 561-329-2524
Email: john@pinson.com

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed September 13, 2013

_____
John Pinson

Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

Counsel of Record for the Defendant
United Recovery Systems, LP